UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-77-KKC

RICHARD L. FULTON                                                      PLAINTIFF

VS:                     **MEMORANDUM OPINION AND ORDER**

HECTOR RIOS, ET AL.                                                  DEFENDANTS

     Richard Fulton, the *pro se* plaintiff, has filed a motion seeking a 30-60 day extension of time in which to respond to the defendants' "Motion to Dismiss or in the Alternative, Motion for Summary Judgment" [Record No. 60].[1] Alternatively, Fulton asks the Court to temporarily "stay" consideration of the defendants' motion until he (plaintiff) can fully complete discovery and respond to the defendants' motion.

PROCEDURAL BACKGROUND
1. The Complaint

     On April 17, 2008, Fulton filed a *pro se* civil rights action asserting claims under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) [Record No. 2]. Fulton asserted various claims under the First, Fifth and Eighth Amendments of the United States Constitution. Fulton's claims arose one year before, in April of 2007, when he was confined in the United States Penitentiary-Big Sandy, which is located in Inez, Kentucky.

     Summarized, Fulton asserted claims of alleged excessive force, alleged denied medical

---

[1] Plaintiff Fulton is currently confined in the United States Penitentiary which is located in Lewisburg, Pennsylvania.

attention, challenges to the conditions of confinement and alleged retaliation for having filed grievances and this civil action. On May 13, 2008, Fulton was allowed to amend his complaint to name additional parties [*See* Order, Record No. 13]. On August 18, 2008,  Fulton filed an Amended Complaint [Record No. 30], which appears to be a reiteration of claims set forth in the original complaint.

## 2. The Opinion and Order

On August 21, 2008, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") in which it directed the Clerk of the Court to issue summonses to the named defendants and directed the United States Marshals ("USM") office to serve those summonses [See Order, Record No. 31].

## 3. The Defendants' "Motion to Dismiss"

On December 4, 2008, the federal defendants filed, by and through their counsel, the United States Attorney's Office for the Eastern District of Kentucky, a "Motion to Dismiss" Fulton's Complaint and Amended Complaint [*See* Motion, Record No. 46]. In that motion, the defendants asserted numerous grounds for dismissal of Fulton's complaint.

## 4. Fulton's Current Motion [Record No. 60] and Request for Production of Documents [Record No. 61]

On December 19, 2008, Fulton filed a motion seeking a 30 to 60- day extension of time in which to respond to the United States' "Motion to Dismiss." Summarized, Fulton states that based on the United States' motion, he is now required to obtain additional documents and affidavits from witnesses, research his claims, and begin discovery. Fulton states that he needs affidavits from other prisoners to  "contest the version of the events offered by the defendants

and support plaintiff's claims."[Record No. 60, p.2].  Fulton further states in his motion that he "just recently learned of defendants' counsel and has just had the opportunity to submit a discovery request to seek necessary documents and solidify claims." [*Id*., p.2].  Additionally, on the same date, Fulton propounded a request for the production of documents on the defendants [Record No. 61].

<u>DISCUSSION</u>

To the extent that the United States' motion falls under the purview of Fed. R. Civ. P. 56, the rule which governs summary judgment, the Court must consider Rule 56(f), which provides that granting summary judgment is improper where the non-movant is not given an adequate opportunity for discovery.  *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627-28 (6th Cir. 2002); *White's Landing Fisheries, Inc. v. Buchholzer*,  29 F.3d 229, 231-32 (6th Cir. 1994).

To invoke the protections of Rule 56(f), the non-movant must file an affidavit in response to the summary judgment motion which details the discovery needed and demonstrates specific reasons why the non-movant cannot oppose the summary judgment motion without it.  *United States v. One Harrington & Richardson Rifle*, 378 F.3d 533, 535 (6th Cir. 2004).  General and conclusory assertions that more discovery is needed are not enough:  the affidavit must be detailed and specific. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (nebulous assertions of additional time for discovery are insufficient).

Not only must the non-movant explain why the facts it seeks are material, it must explain

-3-

why it has not previously discovered the information. *Toms v. Taft*, 338 F.3d 519, 523-24 (6th Cir. 2003) (more time for discovery not warranted where party sought information that was not relevant to dispositive question); *Ball*, 385 F.3d at 720; *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) ("Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.").

In deciding whether to grant additional time to conduct discovery, a court may consider whether the desired information could change the outcome of the summary judgment motion, how long the non-movant had to obtain information on the issue, whether the non-movant was diligent in its efforts to gather that information, and whether the movant cooperated in discovery. *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995).

In light of the foregoing analyses, Fulton's motion lacks merit. First, the Court is perplexed by Fulton's allegation that he "just recently learned of defendants' counsel and has just had to the opportunity to submit  a discovery request to seek to seek necessary documents and solidify claims." The record reflects that counsel for the defendants entered their appearance on October 24, 2008 by filing a "Motion for Extension of Time (to respond to the Complaint)" [Record No. 39].

Second, applying the rationale of the cases under Rule 56(f) to the facts of the instant proceeding, the Court is hard pressed to conclude that Fulton has not had adequate opportunity to obtain the affidavits, and other documents, which he claims are necessary in order to prosecute

-4-

his case. As the Court has noted, the events about which Fulton complained occurred in April of 2007, one full year prior to filing the instant proceeding. Clearly, Fulton has had time in which to garner needed statements and affidavits from witnesses long before he even filed this action on April 17, 2008. He has since had an additional eight months in which to obtain favorable witness accounts.

Additionally, Fulton's request lacks the requisite specificity required by Rule 56(f). Fulton offers no specific reasons for discovery.   He offers only general and conclusory allegations that he needs additional time to gather information to counter the defendants' motion.

In light of the lapse of time between April of 2007 and the present, and the opportunity which that passage of time has afforded the plaintiff to prepare his case, a prolonged "stay" of the United States' motion is warranted. Given the plaintiff's *pro se* status, however, the Court will grant Fulton twenty (20) additional days from the date of this Order in which to file a response to the United States' "Motion to Dismiss/Summary Judgment."

The record reflects that over a month has passed since the filing of the United States' motion on December 4, 2008. Therefore, by the terms of this Order, Plaintiff Fulton has in fact been afforded substantial additional time for filing a response, over and above the fifteen-day time for filing a response to a motion, as provided in the Joint Local Rule 7.1 (c) of the United States District Courts for Eastern and Western Districts of Kentucky.

Finally, the Court notes that the plaintiff did not propound his discovery request [Record No. 61] until December 19, 2008, two weeks *after* the defendants filed their "Motion to Dismiss/Summary Judgment." The Court will not require the defendants to respond to that

discovery request until the Court has addressed the merits of their "Motion to Dismiss/Summary Judgment." A district court has complete discretion to manage its litigation schedule.  Fed. R. Civ. P. 6(b); *Blue v. Coca-Cola Enterprises, Inc.*, 43 Fed. Appx. 813, **2 (6th Cir. 2002).

Therefore, the Court will not require the defendants to the plaintiff's discovery request [Record No. 61] unless and until the Court enters further orders.

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

(1)     Plaintiff Richard Fulton's "Motion for Extension of Time" [Record No. 60] is **GRANTED AND PART** and **DENIED IN PART** as follows:

(A)     Fulton's "Motion for an Extension of Time" [Record No. 60] is **PARTIALLY GRANTED** and Fulton is granted **twenty (20) days from the date of this Order** in which to file a response to the United States' "Motion to Dismiss/Summary Judgment" [Record No. 46].

(B)     Fulton's motion to "stay" consideration of the United States' "Motion to Dismiss/Summary Judgment" for 30- 60 days is **DENIED**.

(2)     The defendants will not be required to respond to the request for production of documents propounded by the *pro se* plaintiff [Record No. 61] unless and until further orders of the Court are entered.

Dated this 7th day of January, 2009.



Signed By:

<u>*Karen K. Caldwell*</u>

**United States District Judge**